Argued and submitted May 7, order reinstating respondent to his former position with back pay and benefits reversed and remanded for reconsideration; otherwise affirmed October 20, 2004

Kenneth L. McGEE,
*Respondent,*

*v.*

DEPARTMENT OF HUMAN SERVICES,
*Petitioner.*

MA-5-02; A121444

99 P3d 337

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for petitioner. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Schuman, Judge, and Leeson, Judge pro tempore.

EDMONDS, P. J.

**EDMONDS, P. J.**

The Department of Human Services (the department) petitions for review of the Employment Relations Board's (the board's) order requiring that the department rescind management employee McGee's disciplinary reprimand and his reassignment to other job duties. Under the order, McGee is reinstated to his former position with back pay and benefits. ORS 183.482. We reverse in part and remand. ORS 183.482(8).

The department concedes that the board's findings of fact are supported by substantial evidence in the record. We rely on those findings to reach our determination. *Meltebeke v. Bureau of Labor and Industries*, 322 Or 132, 134, 903 P2d 351 (1995). McGee, a Senior Human Resources Manager, worked in the department's office that provides labor relations and personnel services to the department, including responses to grievances, the institution of disciplinary actions, and the investigation of alleged discrimination. While working in that office, McGee engaged in consensual romantic relationships with two department employees, who also worked in the office. Although neither woman reported directly to McGee, they were both in subordinate positions and worked for managers who conferred with McGee regularly on work performance issues. McGee and the women attempted to keep their relationships secret from others. McGee did not tell either woman about his relationship with the other. Upon discovering the above circumstances, one of the women did not come to work and requested a return to a prior position. Her emotional state caused her supervisor to become concerned about her well-being. Both women worked in the same location, had contact with each other, and both felt uncomfortable with their working environment after the discovery of McGee's conduct.

A month before the women discovered McGee's conduct, his administrative assistant complained to a supervisor that she was uncomfortable with comments that McGee had made to her. McGee's supervisor, the Department Administrator of the office of Human Resources, met with him regarding the complaint. McGee explained that he had no personal interest in the assistant and that he had approached her on behalf of a friend. McGee's supervisor told him that it would

be inappropriate for McGee to set up a relationship with the assistant because his responsibilities included the possibility of handling personnel actions affecting her.

After discovering McGee's relationships with the other two women, the department reprimanded him and reassigned him to a new location and to a new position that did not involve the handling of personnel actions. In its letter notifying McGee of his reassignment, the department stressed that McGee's secrecy, his lack of candor, and his failure to advise his supervisors of relationships could expose the department to potential liability. His supervisor stated that he had lost trust and confidence in McGee's judgment and in his ability to advise personnel. McGee appealed the department's action to the board, arguing that both the discipline and the reassignment violated statutes governing agency actions toward management employees. After a contested case hearing, the board concluded that the department violated the applicable statutes by reprimanding McGee and reassigning him to a new job in a different location. The department seeks judicial review of that decision.

The question on review is whether the board erred in ruling that the department's reassignment of McGee violated ORS 240.570(2).[1] *See* ORS 240.086(1) (discussing the board's authority in reviewing personnel actions). On review, the department does not challenge the board's ruling regarding McGee's reprimand under ORS 240.570(3) but, instead, argues that the board failed to apply the correct statutory standard in deciding the reassignment issue. In its opinion, the board acknowledged the statutory standard under ORS 240.570(2); however, it concluded that the department did not act for "the good of the service" but, rather, only for disciplinary purposes. It pointed to the fact that in the department's letter to McGee, and in its argument before the board, the department relied on the same facts for its reprimand and reassignment of McGee.[2]

---

[1] ORS 240.570(2) provides:

"An appointing authority may assign, reassign and transfer management service employees for the good of the service and may remove such employees from the management service due to reorganization or lack of work."

[2] McGee argued to the board that the department could not do indirectly what it cannot do directly: "the reassignment is transparently based on the same grounds as the discipline and is was [*sic*] imposed as discipline. The reassignment

The board began its discussion of its ruling by explaining:

"Our inquiry is limited to whether an employer's transfer decision had a reasonable basis in fact, and therefore was not 'arbitrary' or, said differently, the action taken was 'rationally related to the agency mission' and, therefore, for the good of the service."

(Internal citation omitted.) The board then reached the following conclusion:

"We are mindful of our limited review of reassignments. However, when an employer takes action that has the same characteristics as discipline, we will review it in that light. Here, there is no reasonable characterization of reassignment other than that it was disciplinary. [The department] acted for the same reasons and on the same facts as it used to support the reprimand. McGee was removed from a position in his career field—human resource—and put in a different type of managerial position. His work location was involuntarily moved from Salem to Portland. He suffered virtually the same amount of pay reduction as had been imposed originally, but this reduction is more onerous, because it is not limited to three months. As a disciplinary action, the reassignment fails for the same reasons we found the reprimand to be unwarranted."

Under ORS 240.570(3), the discipline of a management service employee is authorized "if the employee is unable or unwilling to fully and faithfully perform the duties of the position satisfactorily." In contrast to the standard under ORS 240.570(3), ORS 240.570(2) focuses on the *department's* mission for the "good of the service." The board ruled that, for purposes of ORS 240.570(3), there was not a sufficient nexus between McGee's off duty conduct and "damage to or disruption of the workplace." Regarding ORS 240.570(2), it reasoned, "[T]here is no reasonable characterization of reassignment other than it was disciplinary. [The department] acted for the same reasons and on the same facts as it used to support the reprimand."

---

has the same chilling effects on basic rights as the discipline and is therefore as illegal as the discipline."

In our view, the board's opinion, in light of the language in ORS 240.570(2), is not supported by substantial reason because the opinion lacks a rational explanation of the relationship between its findings about the effect of McGee's conduct on his supervisors and its revocation of the department's decision to reassign McGee. We are unaware of any general principle of logic or of law that prohibits an agency from properly exercising its authority under two discrete grants of authority from the legislature merely because it relies on the same set of circumstances for both actions. Moreover, it does not rationally follow from the language of the statutes themselves that the department erred in reassigning McGee under ORS 240.570(2) because it erred in disciplining him under ORS 240.570(3). The board apparently believed that, because the department sought to discipline McGee and because McGee's conduct was not subject to discipline, the department was foreclosed from reassigning him under ORS 240.570(2). However, we perceive nothing in the language of ORS 240.570(2) that prohibits an agency from reassigning an employee for the good of the service even though it incorrectly elects to or is unable to discipline the employee for misconduct under subsection (3).

In sum, the language of subsection (2) focuses on what will be the *effect* of a reassignment on the agency as a whole, *i.e.*, whether it is for "the good of the service." As the board acknowledged in its opinion, its standard of review is limited to whether the department acted arbitrarily. Accordingly, while the motivation of the department may be a factor in determining whether it acted arbitrarily, ultimately ORS 240.570(2) requires the board to assess additionally whether the department's action resulted in a reassignment that was for "the good of the service." In that respect, the board must reconsider its ruling in light of all of its findings, including the apparent finding that McGee's superiors lost trust in his judgment to handle personnel matters as a result of his conduct. Because the board failed rationally to connect all of its findings to its holding in its opinion, remand is required. *See Drew v. PSRB*, 322 Or 491, 499-501, 909 P2d 1211 (1996).

Order reinstating respondent to his former position with back pay and benefits reversed and remanded for reconsideration; otherwise affirmed.